**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**At Kansas City, Kansas**

| | |
|---|---|
| **BAILEY BURCHETT, Individually** | ) |
| **as Administrator of the Estate of DAMIEN** | ) |
| **"CRAIG" BURCHETT and DALTON** | ) |
| **BURCHETT** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TEAM INDUSTRIAL SERVICES, INC.** | ) |
| **Serve Registered Agent at:** | ) |
| **Corporate Service Company** | ) |
| **2900 SW Wanamaker Drive, Suite 204** | ) |
| **Topeka, KS 66614** | ) |
| | ) |
| **And** | ) |
| | ) |
| **EMERSON ELECTRIC COMPANY** | ) |
| **Serve Registered Agent at:** | ) |
| **The Corporation Company, Inc.** | ) |
| **112 SW 7th Street, Suite 3C** | ) |
| **Topeka, KS 66603** | ) |
| | ) |
| **And** | ) |
| | ) |
| **EMERSON PROCESS MANAGEMENT** | ) |
| **POWER AND WATER SOLUTIONS, INC.** | ) |
| **Serve Registered Agent at:** | ) |
| **The Corporation Company, Inc.** | ) |
| **112 SW 7th Street, Suite 3C** | ) |
| **Topeka, KS 66603** | ) |
| | ) |
| **And** | ) |
| | ) |
| **SIEMENS CORPORATION** | ) |
| **Serve Registered Agent at:** | ) |
| **The Corporation Company, Inc.** | ) |
| **112 SW 7th Street, Suite 3C** | ) |
| **Topeka, KS 66603** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFFS' COMPLAINT

Plaintiffs, Bailey Burchett, Individually and as Administrator of the Estate of Damien "Craig" Burchett, and Dalton Burchett, state and allege the following in support of their causes of actions against Defendants Team Industrial Services, Inc., Emerson Electric Co., Emerson Process Management Power and Water Solutions, Inc. and Siemens Corporation:

## PARTIES

1.      Plaintiff, Bailey Burchett, is the natural daughter and duly appointed Administrator of the Estate of Damien "Craig" Burchett, deceased, having been duly appointed by the Probate Division of Osage County, Kansas in Case No. 2018-PR-000024.  She is a resident of the state of Kansas.  She is a proper party under the Kansas wrongful death statutes, K.S.A. § 60-1901 and 60-1902 to bring an action by reason of the negligence and carelessness of the defendants named herein and the proper party to bring a survival action pursuant to K.S.A. §60-1801.  The Decedent, Damien "Craig" Burchett, provided all the services, love, affection, support, and companionship normally afforded by a father to his daughter.  At all relevant times herein, she has been an adult over the age of eighteen-years (18).

2.      Plaintiff Dalton Burchett is the natural and legal son of Decedent, Damien "Craig" Burchett.  At all relevant times herein, he has been an adult over the age of eighteen-years (18) and a resident of Kansas.  He is a proper party under the Kansas wrongful death statutes, K.S.A. § 60-1901 and 60-1902 to bring an action by reason of the negligence and carelessness of the defendants named herein and the proper party to bring a survival action pursuant to K.S.A. §60-1801.  The Decedent, Damien "Craig" Burchett, provided all the services, love, affection, support, and companionship normally afforded by a father to his son.

3.      Defendant Team Industrial Services, Inc. ("Team") is a foreign corporation

that  is authorized to transact and regularly transacts business in the State of Kansas.  The Plaintiffs' causes of action against this defendant arise out of or result from defendant's purposeful forum-related contact.  Defendant Team has corporate offices in Wichita, KS and El Dorado, KS.   Based upon information and belief, Defendant Team Industrial Services, Inc. performed service, repairs, maintenance, and inspection work on the subject Unit 3 turbine and safety relief valve prior to Decedent's death. Defendant Team Industrial Services, Inc. may be served with process through its Kansas registered agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

4.      Defendant Emerson Electric Co. ("Emerson Electric") is a foreign corporation that  is authorized to transact and regularly transacts business in the State of Kansas.  The Plaintiffs' causes of action against this defendant arise out of or result from defendant's purposeful forum-related contact.  Based upon information and belief, Emerson Electric Co. manufactured the defective safety pressure relief valve and its components that failed on the Unit 3 turbine. At all times referenced herein, Defendant availed itself of the laws and privileges of the State of Kansas by way of transacting business, marketing, distributing, servicing and selling pressure relief valves, and other products, including the safety relief valve at issue, within the State of Kansas.  Defendant Emerson Electric Co. may be served with process through its Kansas registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

5.      Defendant Emerson Process Management Power and Water Solutions, Inc. ("Emerson Power") is a foreign corporation  that  is authorized to transact and regularly transacts business in the State of Kansas.  The Plaintiffs' causes of action against this defendant arise out of or result from defendant's purposeful forum-related contact.  Based

upon information and belief, Emerson Electric Co. manufactured the defective safety pressure relief valve and its components that failed on the Unit 3 turbine. At all times referenced herein, Defendant availed itself of the laws and privileges of the State of Kansas by way of transacting business, marketing, distributing, servicing and selling pressure relief valves, and other products, including the safety relief valve at issue, within the State of Kansas. Defendant Emerson Electric Co. may be served with process through its Kansas registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

6.     Defendant Siemens Corporation ("Siemens") is a foreign corporation that  is authorized to transact and regularly transacts business in the State of Kansas. The Plaintiffs' causes of action against this defendant arise out of or result from defendant's purposeful forum-related contact.  Based upon information and belief, Defendant Siemens Corporation manufactured the Unit 3 turbine and its components.  At all times referenced herein, Defendant availed itself of the laws and privileges of the State of Kansas by way of transacting business, marketing, distributing, servicing and selling pressure relief valves, and other products, including the safety relief valve at issue, within the State of Kansas.  Defendant Siemens Corporation may be served with process through its Kansas registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

**AGENCY:**

7.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendants were acting by and through their actual, ostensible or apparent agents and employees.

8.      At the time of the negligent acts and occurrences complained of herein and at all times mentioned, defendants' actual, ostensible and apparent agents and employees were acting within the course and scope of their employment and/or agency with said defendants.

## VENUE AND JURISDICTION

9.      Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties.  Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b) as a substantial part of the events and/or acts and/or omissions giving rise to this Complaint occurred in the District of Kansas, and because a substantial part of the property that is subject of the action is situated within the District of Kansas.  Further, the defendants are subject to specific and personal jurisdiction under the laws of the state of Kansas per K.S.A. § 60-308(b) et seq.

## FACTS COMMON TO ALL COUNTS

10.      This lawsuit is necessary as a result of the death of Damien "Craig" Burchett ("Decedent"). Decedent was employed by Westar Energy as an Operations Manager at its Jeffrey Energy Center.  The subject Westar energy plant is the largest provider of electric power in the State of Kansas.

11.      On or about June 3, 2018, Decedent was working at the Jeffrey Energy Center, a coal-fired power plant that converts the chemical energy available in sub-bituminous coal into electric energy. As part of that conversion process, massive steam turbines are used. The energy plant consists of three massive boilers / turbines.  These are referred to collectively as Unit 1, Unit 2 and Unit 3. Due to a defect and/or failure in the Jeffrey Energy Center Unit 3 turbine and specifically its safety relief valve system and pressure relief valves, on or about June 3, 2018, a large steam release occurred.  This release of steam was unexpected and unnecessary.

12.     Prior to June 2, 2018, the energy plant had been on a planned 3-month outage for routine boiler and safety relief valve (SRV) maintenance to all three units.

13.     The turbine and boiler maintenance and repair were provided by Defendant Team Industrial Services.

14.     The SRVs in Unit 3 were manufactured by Defendants Emerson Electric, Emerson Power and Siemens.

15.     On or about April 2018, Defendant Team performed work on the subject safety relief valve.  This valve is referred to as SRV 3-125 (Safety Relief Valve, Unit 3, #125).  Their work included replacing a disc within the safety relief valve.  The purpose of the safety valve is to release steam from the boiler in the event pressures rise above normal ranges. If functioning properly, the safety relief valve will release steam into the air outside of the plant through a large pipe, thus relieving the pressure inside the boiler.

16.     On or about June 2, 2018, both Units 1 and 2 were completely back online and functioning at full capacity.   Unit 3 remained shut down or off-line for Team's ongoing maintenance.

17.     At approximately 11:30 p.m. on June 2, 2018, Unit 3 "was fired up" or brought back online.  This was the first time Unit 3 had been brought back online from the time of Team's work on Unit 3's safety relief valves.   Team authorized or approved Unit 3 being brought back online.

18.     Approximately 12 hours later a Unit 3 safety relief valve, SRV 3-125, was caused to operate or release steam.  This was subsequently reported to the operations / control room employees.

19.     At this time Unit 3 was not functioning at full capacity.

20. After the SRV 3-125 opening was reported to operations, Decedent and another manager, left the control room to investigate traveling *via* elevator to the 14th floor where the subject SRVs are housed.

21. Upon the elevator door opening on the 14th floor, Decedent was engulfed in flesh boiling steam that had filled the room. The steam had escaped from SRV 3-125.

22. Decedent was subsequently airlifted to the University of Kansas Hospital in Kansas City, KS where he later died from his injuries.

23. Following the incident, it was determined SRV 3-125 had either been ripped apart at the flange or had failed all together allowing the steam to fill the room on the 14th floor.

24. Decedent was exposed to the steam release and suffered severe burns that caused him to endure a horrific death.

## COUNT I

### (Negligence – Wrongful Death)
### Plaintiffs v. Defendant Team Industrial Services, Inc.

Plaintiffs, Bailey Burchett, Individually and as Administrator of the Estate of Damien "Craig" Burchett, and Dalton Burchett, for Count I of their Complaint against defendant Team hereby state and allege as follows:

25. Paragraphs 1-24 above are hereby incorporated by reference as if fully set forth herein.

## DEFENDANT TEAM INDUSTRIAL SERVICES, INC.'S ACTS OF NEGLIGENCE

26. At the time of the negligent acts complained of herein and at all times mentioned, defendant Team had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their profession in the maintenance, service, work and repair being performed at the Westar Jeffrey Energy Center.

27.    Defendant Team, including but not limited to its agents and employees, breached its respective duty and was guilty of the following acts of negligence and carelessness by failing to measure up to the standards of due care, skill and practice required by members of its profession, to wit:

     a.     Failing to adequately supervise its employees;

     b.     Failing to adequately train its employees;

     c.     Failing to adequately instruct its employees;

     d.     Failing to have adequate safety policies and procedures;

     e.     Failing to abide by their policies and procedures;

     f.     Failing to properly maintain the equipment;

     g.     Failing to properly inspect the equipment;

     h.     Failing to properly operate the equipment;

     i.     Failing to properly repair the equipment;

     j.     Failing to properly perform the work in question;

     k.     Failing to ensure that their worksite was reasonably safe;

     l.     Failing to adequately maintain the premises at issue;

     m.     Failing to adequately inspect the premises at issue;

     n.     Creating a dangerous and/or hazardous condition;

     o.     Failing to adequately warn of a dangerous and/or hazardous condition;

     p.     Failure to remedy a dangerous and/or hazardous condition;

     q.     Violating applicable government regulations, laws, and industry standards;

     r.     Failing to properly and safely communicate with Westar; and,

     s.     In negligently and carelessly failing to perform and measure up to the

requisite standards of due care and skill required in further particulars

presently unknown to Plaintiff but which is believed and alleged will be

disclosed upon proper discovery procedures in the course of this litigation.

**DECEDENT DAMIEN "CRAIG" BURCHETT'S INJURIES:**

28.     That as a direct and proximate result of the carelessness and negligence of

defendant as listed above, Decedent, Damien Burchett, was caused to receive the following

severe, permanent and devastating injuries, to-wit:

      a.     He was caused to suffer severe internal and external burns, eventually

           worsening and causing his death;

      b.     Decedent was caused to suffer severe physical pain, mental

           pain and anguish and suffering as a result of the defendant's negligence;

      c.     Economic loss resulting from medical expenses, *Wentling*

           damages, lost wages, lost services and valuable household services; and,

      d.     Ultimately, death.

**PLAINTIFFS' DAMAGES:**

29.     At the time of the aforesaid acts of negligence and omissions on the part of

defendant, Plaintiffs Bailey and Dalton Burchett were the natural and legal children of Decedent,

and suffered damages and losses as a result of defendant's negligence, including but not limited

to the following:

      a.     Mental anguish, suffering, bereavement, Decedents's valuable services,

           household services as well as his common part of work, lost wages and his

           comfort, society, protection, companionship, love and affection, advice and

           counsel, loss of care, attention, consortium, guidance and *Wentling* damages

all to the plaintiffs' damages together with their costs herein incurred and

expended; and

b.    Expenditures and loss of money related to Decedent's medical treatment, lack

of income, funeral, lost services and burial expenses.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett,

Administrator of the Estate of Decedent and Dalton Burchett pray the Court for judgment on

Count I of this Complaint for such sums as are fair and reasonable in excess of $75,000, for costs

and expenses incurred, and for any and all other relief this court deems just and proper.

## COUNT II

### (Survival Action)

### Plaintiff v. All Defendants

Plaintiff Bailey Burchett, Individually and as Administrator of the Estate of Decedent,

and Dalton Burchett allege and state as follows:

30.    Plaintiffs incorporate the foregoing paragraphs by reference as though fully set

forth herein.

31.    Plaintiff Bailey Burchett is the duly appointed and qualified Administrator of the

Estate of Decedent and brings this action in her representative capacity for survival damages.

32.    As a direct and proximate result of the carelessness and negligence of all

defendants specified in this Complaint, plaintiff Bailey Burchett, in her representative capacity,

brings a survival action in the name of Decedent for damages associated with Decedent's

personal injuries, which include:

a.    Decedent's prolonged physical suffering, conscious pain and suffering, mental

anguish, and disability;

b.   Medical expenses associated with decedent's care, hospitalization and treatment in sums presently unknown with exactitude by Plaintiff, *Wentling* damages, lost income, lost services and household services; and

c.   The loss of services, comfort, society, protection, companionship, love, affection and counseling for decedent's children during the course of his unnecessary injuries, treatment and death.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett, Administrator of the Estate of Decedent prays the court for judgment on Count II of this Complaint for such sums as are fair and reasonable in excess of $75,000, for costs and expenses incurred, and for any and all other relief this court deems just and proper.

## COUNT III

### (Negligence)

### (Plaintiffs v. Defendants Emerson Electric, Emerson Power and Siemens)

33.   Plaintiffs incorporate paragraphs 1 - 32 of this Complaint as though fully set forth herein.

34.   Defendants Emerson Electric, Emerson Power and Siemens owed to Plaintiffs and Decedent the duty of designing and manufacturing a safety relief valve and its components reasonably safe for use in electrical power plants such as here.

35.   Defendants Emerson Electric, Emerson Power and Siemens violated their respective duties of care owed to Plaintiffs and Decedent with regards to the design and manufacture of the subject safety relief valve and its components in the following particulars:

a.   Failing to safely and adequately perform the work or maintenance they provided in a good and workmanlike manner;

b.   Failing to properly design the products;

c.      Failing to properly design the products' component parts;

d.      Failing to adequately design the products;

e.      Failing to properly test the products;

f.      Failing to properly test the products' component parts;

g.      Failing to provide the products for its intended purpose;

h.      Failing to properly inspect the product and component parts;

i.      Failing to provide the products component parts for their intended purposes;

j.      Failure to provide proper and functioning parts for installation and maintenance;

k.      Failed to provide adequate instructions for safe use and maintenance;

l.      Failing to provide or incorporate safety devices or instructions to prevent the safety relief valve from leaking or exposing others to steam;

m.      Failing to provide warnings or instruction regarding safe use, maintenance or installation of the safety relief valve to prevent it from opening or exposing others to steam; and,

n.      In negligently and carelessly failing to perform and measure up to the requisite standards of due care and skill required in further particulars presently unknown to Plaintiff but which is believed and alleged will be disclosed upon proper discovery procedures in the course of this litigation.

36.      As a direct and proximate result of defendants' above-described negligence, Plaintiff Damien Burchette was severely burned internally and externally with lethal steam and suffered severe, permanent, disabling injuries that directly led to his untimely death.

37.     As a direct and proximate result of Defendants' negligence, Plaintiffs suffered the damages set out with more particularity in Paragraphs 28 - 29 of this Complaint.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett, Administrator of the Estate of Decedent and Dalton Burchett pray the Court for judgment on Count III of this Complaint for such sums as are fair and reasonable in excess of $75,000, for costs and expenses incurred, and for any and all other relief this court deems just and proper.

## COUNT IV

### (Strict Liability)

**(Plaintiffs v. Defendants Emerson Electric, Emerson Power and Siemens)**

38.     Plaintiffs incorporate paragraphs 1- 37 of this Complaint as though fully set forth herein.

39.     Defendants Emerson Electric, Emerson Power and Siemens developed, manufactured, marketed, and sold, in the regular course of business, the subject safety relief valve and its components used by Westar Energy as expected.

40.     Defendants Emerson Electric, Emerson Power and Siemens are engaged in the business of manufacturing and selling safety relief valves and its components.

41.     The subject safety relief valve and components were in a defective condition and unreasonably dangerous to persons who might be expected to use or be exposed to the products.

42.     The subject safety relief valve and its components were in a defective condition at the time it left the control of the Defendants Emerson Electric, Emerson Power and Siemens.

43.     Defendants Emerson Electric, Emerson Power and Siemens expected the subject safety relief valve and its components to reach, and did reach, the hands of Westar Energy without substantial change in the condition in which it was manufactured and sold.

44.     The defective subject safety relief valve and its components caused or contributed to cause Plaintiffs' injuries and damages as set forth with more particularity in Paragraphs 28 – 29 of this Complaint.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett, Administrator of the Estate of Decedent and Dalton Burchett pray the Court for judgment on Count IV of this petition for such sums as are fair and reasonable in excess of $75,000, for costs and expenses incurred, and for any and all other relief this court deems just and proper.

<u>**COUNT V**</u>
**(Plaintiff v. Defendants Emerson Electric, Emerson Power and Siemens)**
**(Product Liability – Defective Design)**

45.     Plaintiffs incorporate paragraphs 1- 44 of this Complaint as though fully set forth herein.

46.     Defendants Emerson Electric, Emerson Power and Siemens had a duty to use ordinary care in the design and manufacturer of the subject safety relief valve and its components so that they would be reasonably safe for the use which it was intended or which could be reasonably anticipated.

47.     Defendants Emerson Electric, Emerson Power and Siemens breached the aforementioned duty as the manufacturer and seller of the subject safety relief valve and its components as set forth with more particularity in this Complaint.

48.     Defendants Emerson Electric, Emerson Power and Siemens' breachs in the design of the safety relief valve and its components caused or contributed to cause Plaintiffs' injuries and damages as set forth with more particularity in Paragraphs 28 – 29 of this Complaint.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett, Administrator of the Estate of Decedent and Dalton Burchett pray the Court for judgment on

Count V of this petition for such sums as are fair and reasonable in excess of $75,000, for costs and expenses incurred, and for any and all other relief this court deems just and proper.

## COUNT VI
### (Plaintiff v. Defendants Emerson Electric, Emerson Power and Siemens)
### (Product Liability – Failure to Warn)

49.     Plaintiffs incorporate paragraphs 1- 48 of this Complaint as though fully set forth herein.

50.     Defendants Emerson Electric, Emerson Power and Siemens manufactured the subject safety relief valve and its components and knew, or by the exercise of ordinary care should know, was potentially dangerous to users thereof.

51.     Defendants Emerson Electric, Emerson Power and Siemens had a duty to give adequate warnings of said danger as injury could be reasonably anticipated if an adequate warning was not given.

52.     Defendants Emerson Electric, Emerson Power and Siemens breached their duty by failing to provide adequate warnings, including but not limited to, warnings of dangers inherent to its use and failing to give adequate instructions for safe use and maintenance.

53.     Defendants Emerson Electric, Emerson Power and Siemens' failure to warn and instruct caused or contributed to cause Plaintiffs' injuries and damages as set forth with more particularity in Paragraphs 28 – 29 of this Complaint.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett, Administrator of the Estate of Decedent and Dalton Burchett pray the Court for judgment on Count VI of this petition for such sums as are fair and reasonable in excess of $75,000, for costs and expenses incurred, and for any and all other relief this court deems just and proper.

## COUNT VII

**(Plaintiff v. Defendants Emerson Electric, Emerson Power and Siemens)**

**(Product Liability – Manufacturer)**

54.     Plaintiffs incorporate paragraphs 1- 54 of this Complaint as though fully set forth herein.

55.     Defendants Emerson Electric, Emerson Power and Siemens manufactured and sold the subject safety relief valve and its component parts when they were in a defective condition unreasonably dangerous to the user.

56.     Defendants Emerson Electric, Emerson Power and Siemens were in the business of manufacturing and selling safety relief valves and component parts.

57.     The subject safety relief valve and its component parts reached the user / consumer without substantial change in the condition in which it was manufactured and/or sold.

58.     The subject safety relief valve and its component parts were in a defective condition and unreasonably dangerous in the manner in which they were designed and/or manufactured.

59.     The defects existed at the time the products left defendants' hands.

60.     The subject safety relief valve and its component parts were still well within their useful safe life at all times relevant herein.

61.     The subject safety relief valve and its component parts were expected to reach and did reach the hands of Westar Energy.

62.     The defect in the products caused or contributed to cause Plaintiffs' injuries and damages as set forth with more particularity in Paragraphs 28 – 29 of this Complaint.

WHEREFORE, by reason of the allegations contained herein, Bailey Burchett, Administrator of the Estate of Decedent and Dalton Burchett pray the Court for judgment on

Count VII of this petition for such sums as are fair and reasonable in excess of $75,000, for costs and expenses incurred, and for any and all other relief this court deems just and proper.

## COUNT VIII
### (Constitutional Challenge)
### Plaintiffs v. All Defendants

63.     Plaintiffs herein challenge the constitutionality of all statutory language establishing non-economic damage caps as set forth in applicable Kansas statutes.  These include, but are not limited to, Article 19 and 19a of the Kansas Rules of Civil Procedure. Plaintiffs hereby raise challenges, including but not limited to, equal protection, separation of powers, right to trial by jury, taking private property without just compensation, due process, free and open access to the courts and procedural.

**Equal Protection Challenges**

64.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of Kansas Rules of Civil Procedure violate the guarantee of equal protection set forth in the Kansas Constitution.

65.     In failing to provide an index for inflation on the limits for non-economic damages and limiting the liability of personal injury/wrongful death defendants with respect to those acting on their behalf, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of equal protection set forth in the Kansas Constitution.

66.     In failing to provide an index for inflation on the limits for non-economic damages and in limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of equal protection set forth in the United States

Constitution.  *See Ferdon ex rel. Petrucelli v. Wisconsin Patient Care Compensation Fund,* 701 N.W.2d 440 (Wis. 2005).

**Separation of Powers Challenge**

67.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the principle of Separation of Powers set forth in the Kansas Constitution in that it is the function of the Judiciary to remit verdicts.  *See Best v. Taylor Machine Works,* 689 N.E. 2d 1057, 1075 (Ill. 1997).

**Taking Private Property Without Just Compensation Challenge**

68.     In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the Kansas Constitution by taking private property without just compensation.

**Due Process Challenges**

69.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the Kansas Constitution by depriving plaintiffs due process of law without a rational basis that furthers a legitimate state interest.

70.     In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the Kansas Constitution by depriving plaintiffs of due process of law without a rational basis that furthers a legitimate state interest.

71.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of

Civil Procedure violate the guarantee of due process of law set forth in the United States Constitution without a rational basis that furthers a legitimate interest.

72.     In failing to provide an index for inflation on the limits for non-economic damages Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of due process of law set forth in the United States Constitution without a rational basis that furthers a legitimate interest.

**Free and Open Access to the Courts Challenges**

73.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of open courts and certain remedies set forth in the Kansas Constitution by denying plaintiffs free and open access to Kansas courts of justice and a certain remedy afforded for every injury.

74.     In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of open courts and certain remedies set forth in the Kansas Constitution by denying plaintiffs free and open access to Kansas courts of justice and a certain remedy afforded for every injury.

**Right to Trial by Jury Challenges**

75.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the right to trial by jury set forth in the Kansas Constitution.

76.     In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the right to trial by jury set forth in the Kansas Constitution.

77.     In limiting the amount of non-economic damages a plaintiff in a personal injury/wrongful death case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the right to trial by jury set forth in the Seventh Amendment to the federal Constitution.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all counts.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates United States District Court for the District of Kansas at Kansas City, Kansas as the place of trial.

Respectfully submitted,

**BARTIMUS FRICKLETON ROBERTSON RADER, P.C.**

**BY:** */s/ Michael C. Rader*
**MICHAEL C. RADER      KS BAR # 19585**
**JAMES FRICKLETON      KS BAR # 20602**
**MICHELLE L. MARVEL  KS BAR # 23511**

**11150 Overbrook Road, Suite 200**
**Leawood, KS 66211**
**(913) 266-2300 (tel)**
**(913) 266-2366 (fax)**
mrader@bflawfirm.com
mmarvel@bflawfirm.com

**ATTORNEYS FOR PLAINTIFFS**