# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BAILEY BURCHETT, Individually as Administrator of the Estate of DAMIEN "CRAIG" BURCHETT and DALTON BURCHETT )<br><br>Plaintiffs, )<br><br>v. )<br><br>TEAM INDUSTRIAL SERVICES, INC., et al., )<br><br>Defendants. ) | Case No. 18-02584-CM-KGG |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' Motion to Dismiss Pursuant to F.R.C.P. 41(A)(2). (Doc. 43.) Plaintiffs ask the court to grant voluntary dismissal to prevent split adjudications of liability between claims by decedent's estate and alleged spouse on the same underlying wrongful death theories. Only defendant Team Industrial Services, Inc. ("TEAM") opposes the motion.

## I.    FACTUAL BACKGROUND

This is a wrongful death action arising out of a June 3, 2018 incident at the Jeffrey Energy Center of Westar Energy. Plaintiffs originally filed this action against defendant TEAM in Texas state court on July 31, 2018. On August 1, 2018, defendant performed a pre-service removal from the state forum to the United States District Court for the Southern District of Texas.[1] (Doc. 50-2, at 1.) On August 14, 2018, plaintiffs moved to remand their suit back to state court, which the federal court denied on October 1, 2018. (*Id.* at 2.) The next day, plaintiffs voluntarily dismissed their action from the Texas federal forum. (*Id.*)

---

[1] "A civil action not otherwise removable . . . may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

Plaintiffs re-filed in this court on October 31, 2018 (Doc. 1.), and defendant filed its Answer on November 30, 2018 (Doc. 4). Meanwhile, defendant has been litigating another wrongful death action in Texas state court, arising from the same incident (the "*Kelli Most*" litigation). On February 15, 2019, the Texas state court denied defendant's motion to dismiss the *Kelli Most* litigation for forum non conveniens. On May 14, 2019, plaintiffs learned of an action in intervention by decedent's alleged spouse, claiming an interest against defendant TEAM arising from decedent's death and joined to the *Kelli Most* litigation. On July 16, 2019, plaintiffs moved for voluntary dismissal to join the *Kelli Most* litigation and intervenor-plaintiff's claims, to consolidate the split claims arising from decedent's death.

## II.    LEGAL STANDARDS

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *see* Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) (August 2019 Update). In ruling on a motion under Rule 41(a)(2), the court is to consider that the Rule is designed "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark*, 13 F.3d at 1411. The important consideration is "whether the opposing party will suffer prejudice in light of the valid interests of the parties," and "it is [this] prejudice . . . rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." *Id.* (citations omitted).

To determine the "legal prejudice" an opposing party will suffer, the court considers factors including: (1) the opposing party's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the movant in prosecuting the action; and (3) insufficient explanation for the need to take a dismissal. *Id.* This list is non-exclusive list and not every factor need be resolved in one party's favor. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.

1996) (discussing factors used in other jurisdictions). When considering "legal prejudice" generally, other jurisdictions have concluded that legal prejudice requires clear prejudice to a legal interest, claim, or argument, rather than mere uncertainty, inconvenience, or a perceived forum-based tactical advantage. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); *see Potenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1259–60 (11th Cir. 2001) (pending summary judgment motion insufficient where "practical prejudice" alleviated by curative conditions).

## III.    DISCUSSION

Plaintiffs seek dismissal and consolidation to join a wrongful death matter in Texas state court, arising out of the same incident as the instant case. Defendant TEAM argues that it will experience legal prejudice by loss of the application of federal and Kansas law. In particular, defendant argues that: applying Texas law will deprive defendant of Kansas's more favorable damages restrictions; discovery will be more difficult in the Texas state system; and transfer will create financial waste. Plaintiffs counter that defendant's concerns are speculative rather than truly prejudicial and that Texas procedures are sufficient for discovery.

The court agrees that transfer is appropriate. The record shows that plaintiffs moved for voluntary dismissal promptly upon learning of the *Kelli Most* litigation in Texas state court (*See* Doc. 44, at 2–3), and the court is persuaded that the need to avoid inconsistent verdicts and liability arising from the same incident is sufficient explanation for plaintiffs' dismissal request. While defendant has incurred some cost in defense of the instant case, this matter is still in the motions and discovery stage, summary judgment motions have not been filed, and—evident from defendant's arguments—much of the work and discovery in this case will be usable in the Texas matter.

Although defendant argues applying Texas law constitutes legal prejudice, defendant's argument depends on at least three overly speculative predeterminations: first, that defendant's alleged

-3-

negligence will command an award in excess of the damages allowed in Kansas; second, that

defendant's alleged negligence will require an award of punitive damages under Texas law; and third,

that defendant's alleged negligence will suffice to impose joint and several liability under Texas law.

None of these merely possible scenarios show clear legal prejudice, though the court notes that Texas

procedure provides a remedy for some of defendant's concerns. Tex. Civ. Prac. & Rem. Code Ann.

§ 33.016; *see In re Martin*, 147 S.W.3d 453, 458–59 (Tex. App—Beaumont 2004); *CBI NA-CON, Inc.

v. UOP Inc.*, 961 S.W.2d 336, 339–41 (Tex. App—Houston [1st Dist.] 1997). To the extent that the

state trial court's application of Texas law may be prejudicial or erroneous, the state's appellate

process is appropriate for the resolution of that alleged error.

Defendant's remaining concerns as to discovery and waste are either similarly speculative and

unpersuasive or pose "practical prejudice," curable by imposing conditions on dismissal. First, while

defendant argues that discovery may become more difficult under the timeline imposed by the state

court's docket control order, those deadlines "apply . . . unless modified by the Court." (Doc. 83-3, at

1.) On consolidation, defendant can request modification for any inconvenience caused by the timing

of this court's grant of plaintiffs' motion and the case's migration from federal to state methods of

discovery. Second, as plaintiffs correctly note, defendant's concerns of waste are curable by requiring

payment of costs directly attributable to the defense of this action and unusable in the Texas litigation.

*Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) ("[U]nless the defendants would

be seriously prejudiced otherwise, a court should not condition a plaintiff's dismissal upon payment of

fees and cost for discovery that the defendants may use against the remaining plaintiffs.").

Accordingly, the court concludes that voluntary dismissal should be granted subject to two

conditions requested by plaintiff: first, to avoid an unfair effect of dismissal to either side, all discovery

taken in this matter may be used, subject to the protective order, by either party in later litigation. (*See*

Doc. 47.)  Second, plaintiffs shall pay the fees and costs of discovery previously taxed and directly

attributable to the defense of this case only, and unusable in any later action against remaining

plaintiffs.  Plaintiffs may withdraw their motion for voluntary dismissal until on or by Monday,

October 28, 2019.  If plaintiffs do not withdraw their motion, then on Tuesday, October 29, 2019, this

order shall operate to grant plaintiffs' motion and to deny defendant TEAM's Motion to Compel (Doc.

68) as moot.

        **IT IS THEREFORE ORDERED** that plaintiffs' Motion to Dismiss Pursuant to F.R.C.P.

41(A)(2) (Doc. 43) is granted, subject to the conditions and possible withdrawal below.

        **IT IS FURTHER ORDERED** that, as a first condition of voluntary dismissal, all discovery

taken in this matter may be used by either party in later litigation, subject to the protective order (Doc.

47) in this case.

        **IT IS FURTHER ORDERED** that, as a second condition of voluntary dismissal, plaintiffs

shall pay the fees and costs of discovery previously taxed and directly attributable to the defense of the

above-captioned case only, and unusable in any later litigation against remaining plaintiffs in Texas or

otherwise.

        **IT IS FURTHER ORDERED** that on or by Monday, October 28, 2019, plaintiffs may

withdraw their Motion to Dismiss Pursuant to F.R.C.P. 41(A)(2) (Doc. 43).  If plaintiffs do not

withdraw their motion, then on Tuesday, October 29, 2019, this order shall operate to grant plaintiffs'

motion and to deny defendant TEAM's Motion to Compel (Doc. 68) as moot.

        Dated this 24th day of October, 2019, at Kansas City, Kansas.


                         **s/ Carlos Murguia**
                         **CARLOS MURGUIA**
                         **United States District Judge**