IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BAILEY BURCHETT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TEAM INDUSTRIAL SERVICES, INC., )<br>*et al.,* )<br>)<br>Defendants. ) | Case No. 2:18-cv-02584-CM-KGG |

**MOTION FOR LEAVE TO REOPEN CASE BY DEFENDANT TEAM INDUSTRIAL SERVICES, INC.'S FOR LIMITED PURPOSE OF CHALLENGING "CONFIDENTIAL" DESIGNATIONS OF EVERGY CENTRAL KANSAS, INC., F/N/A WESTAR ENERGY, INC., PURSUANT TO AMENDED AGREED PROTECTIVE ORDER**

This action was filed on October 31, 2018, against Defendant Team Industrial Services, Inc. ("TEAM") and others regarding personal injuries suffered by Plaintiff's father on June 3, 2018. Plaintiff's claims are based on an accident at the Jeffrey Energy Center in St. Mary's, Kansas, which was owned at the time by Westar Energy, Inc. ("Westar"), now known as Evergy Central Kansas, Inc. ("Evergy"). Westar/Evergy was not named as a defendant in this action because of worker's compensation protection, but provided third-party discovery to the parties in this action because of its ownership and operation of the plant and employment of the decedents and many key witnesses.

As a condition of complying with discovery in this action, Westar/Evergy insisted on the entry of the Agreed Amended Protective Order (Doc. 47) filed July 17, 2019 ("the Order"). Westar/Evergy then designated *every single page* of every document produced in discovery as "Confidential." Similarly, Wester/Evergy purported to designate *every single word* of every deposition of Westar personnel as "Confidential." On October 24, 2019, the Court granted plaintiff's voluntary dismissal of this action without prejudice. (Doc. 91).

As noted in the Memorandum and Order entered October 24, 2019 (Doc. 91), there is a related action pending in Texas state court involving the same claims against Team asserted in this action (the "Texas Case"). In fact, on the same day this action was dismissed, plaintiff joined the Texas Case.[1] Westar/Evergy is also not a party to the Texas Case, has not directly participated in the Texas Case, and has always maintained that the Texas court has no jurisdiction over it. However, the Texas court entered an order designating Westar/Evergy as a "responsible third party" in the Texas Case.[2] *See* Tex. Civ. Prac & Rem. Code §33.011(6) ("'Responsible third party' means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these."). Thus, the Texas jury will assess a percentage of responsibility to Westar/Evergy, even though the Texas court will not enter a judgment against Westar regardless of its percentage of responsibility.

TEAM brings this Motion in order to challenge Westar's blanket confidentiality designations during discovery in this action. In fact, the Order specifically provides in this regard (emphasis added):

> The court's jurisdiction to enforce the provisions of this Order will terminate on final disposition of this case. But **a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order**.

In addition, modification of protective orders is allowed even after dismissal of the case. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990). Attached in this regard as

---

[1]/Attached as **Exhibit A** is Bailey Burchett, Individually and as Administrator of the Estate of Damien "Craig" Burchett, and Dalton Burchett's Original Plea in Intervention, District Court of Fort Bend County, Texas, Cause No. 18-DCV-256883.

[2]/Attached as **Exhibit B** is Defendant Team Industrial Services, Inc.'s Motion for Leave to Designate Responsible Third Party along with the court's January 24, 2020 Order on Defendant's Motion for Leave to Designate Responsible Third Party.

**Exhibit C** is the Motion Challenging "Confidential" Designations of Westar Energy, Inc. Pursuant to Agreed Amended Protective Order and For Leave to File Exhibits, which sets forth the issues associated with the Order, and which TEAM proposes to file if this Motion is granted.

All of the documents at issue were produced by Westar pursuant to a subpoena issued in this case. The depositions at issue were taken pursuant to subpoenas issued by this Court, and pursuant to substantially identical subpoenas issued by the District Court of Pottawatomie County, Kansas (Case No. 2019-MV-9) pursuant to the Kansas Uniform Interstate Depositions and Discovery Act, K.S.A. 60-228a (the "Act"). The documents and depositions at issue have been and will continue to be used by the parties to the Texas Case, which is presently set for trial starting January 12, 2021. The discovery is critical to resolution of the liability, causation, and damages issues in the Texas Case.

Because discovery from Westar had not concluded before dismissal of the case, the parties in the Texas Case sought and (continue to seek additional discovery from Westar/Evergy) pursuant to the Act. For example, subpoenas have been issued pursuant to the Act to Westar/Evergy for documents and/or depositions by the District Court of Shawnee County, Kansas (Case No. 2020-MV-00071). In addition, there is a pending related insurance coverage action in this Court in which Evergy is a named defendant styled *Team Industrial Services, Inc. v. Zurich American Insurance Company, Inc., et al,* (Case No: 2:19-cv-02710-HLT-KGG). Discovery in that case is also ongoing. Many of the documents at issue in this Motion are relevant to the claims and defenses of the parties to the other cases, and are being used in those actions.

Further, there is a pending investigation of the root cause of the accident by the Kansas Corporation Commission ("KCC") (Docket No. 19-WSEE-441-GIE). *See* Order Opening

General Investigation Docket, attached as **Exhibit D**. The documents and depositions at issue herein are directly relevant to that investigation, and Westar has provided litigation materials generated in the Texas Case to the KCC. *See, e.g.*, May 11, 2020 Email from Michael Neeley, Senior Litigation Counsel at KCC, attached as **Exhibit E**.

Further, the Services Contract between Westar and TEAM, which defined the relationship, rights, and obligations between them, contains indemnity provisions that depend upon the relative culpability of the parties. The documents and depositions at issue are thus directly relevant to these issues.

The constraints imposed by Westar's inappropriate and over-designations of materials as "Confidential" have been and will continue to impose an undue burden on the parties, and the courts and agencies in which actions arising from the accident are and will be pending. *See* Motion Challenging "Confidential" Designations of Westar Energy, Inc. Pursuant to the Agreed Amended Protective Order and For Leave to File Exhibits (**Exhibit C**) for discussion of these issues.

WHEREFORE, Defendant Team Industrial Services, Inc. respectfully requests that the Court reopen this case and grant leave to file the attached Motion Challenging "Confidential" Designations of Westar Energy, Inc. Pursuant to Agreed Amended Protective Order and for Leave to File Exhibits.

                Respectfully Submitted,

                ***/s/ W. Jeffrey Muskopf***
                W. Jeffrey Muskopf
                Bar Number 78829
                Attorney for *Team Industrial Services, Inc.*
                SmithAmundsen, LLC

                                                       120 South Central Avenue, Suite 700
                                                       St. Louis, MO 63105
                                                       Phone:  314-719-3708
                                                       Fax:  314-719-3709
                                                       Email:  jmuskopf@salawus.com

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the 23rd day December, 2020, a true and correct copy of the foregoing document has been served on all known counsel of record by this Court's mandated electronic filing system.

                                                    */s/ W. Jeffrey Muskopf*

                                                    *Attorney for Defendant*
                                                   *Team Industrial Services, Inc.*