# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BAILEY BURCHETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 18-2584-JWB-KGG |
| | ) |
| TEAM INDUSTRIAL SERVICES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER GRANTING
## MOTION TO REOPEN CASE FOR LIMITED PURPOSE

NOW BEFORE THE COURT is Defendant's Motion to Reopen Case for Limited Purpose of Challenging 'Confidential' Designations.'" (Doc. 93.) After review of the parties' submissions, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff commenced this wrongful death action on October 31, 2018, against Defendant Team Industrial Services, Inc. ("TEAM") and others resulting from the death of his father on June 3, 2018, at the Jeffrey Energy Center in St. Mary's, Kansas ("the Center"). At the time, the Center was owned by Westar Energy, Inc., which is now known as Evergy Central Kansas, Inc. (for purposes of this motion, Westar/Evergy will be referred to as "Westar"). Because of worker's

1

compensation laws, Westar was not named as a Defendant in this lawsuit. Westar did, however, provide third-party discovery in this case because of its ownership of Center and its employment of decedent and key witnesses.

The District Court granted Plaintiff's voluntary dismissal of this action without prejudice on October 24, 2019. (Doc. 91.) That Order includes a detailed summary of the procedural history of this case and related litigation in the state and federal courts of Texas, which is incorporated herein by reference. (*Id*., at 1-2.)

Upon dismissal of the present lawsuit, Plaintiff joined the related litigation pending in Texas state court ("the Texas case"). (Doc. 93-1.) Westar is not a party to the Texas case and has not directly participated in that litigation. The Texas court did, however, enter an Order designating Westar a "responsible third party" therein, which is defined as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." (Doc. 93-2.) As such, if the Texas case goes to trial, a jury will have the ability to assess a percentage of responsibility to Westar even though no judgment can be entered against it.

As a condition of Westar's cooperation with discovery in this (now closed) District of Kansas case, the parties requested the Court enter an Agreed Amended

Protective Order ("the Protective Order"). (Doc. 47.) According to Defendant, "Westar then designated every single page of every document produced in discovery as 'Confidential'" and "purported to designate every single word of every deposition of Westar personnel as 'Confidential.'" (Doc. 93, at 1.)

Defendant brings its present motion challenging Westar's blanket confidentiality designations during discovery in this case. The Protective Order specifically provides that this Court's "jurisdiction to enforce the provisions of this Order will terminate on final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order." (Doc. 47, at 9.)

Defendant summarizes how the discovery herein could be relevant to other, related litigation in other courts:

> Because discovery from Westar had not concluded before dismissal of the case, the parties in the Texas Case sought and (continue to seek additional discovery from Westar/Evergy) pursuant to the Act. For example, subpoenas have been issued pursuant to the Act to Westar/Evergy for documents and/or depositions by the District Court of Shawnee County, Kansas (Case No. 2020-MV-00071). In addition, there is a pending related insurance coverage action in this Court in which Evergy is a named defendant styled *Team Industrial Services, Inc. v. Zurich American Insurance Company, Inc., et al*, (Case No: 2:19-cv-02710-HLT-KGG). Discovery in that case is also ongoing. Many of the documents at issue in this Motion are relevant to the claims and defenses of the parties to the other cases, and are being used in those actions.

3

> Further, there is a pending investigation of the root cause of the accident by the Kansas Corporation Commission ("KCC") (Docket No. 19-WSEE-441-GIE). *See* Order Opening General Investigation Docket, attached as Exhibit D. The documents and depositions at issue herein are directly relevant to that investigation, and Westar has provided litigation materials generated in the Texas Case to the KCC. *See, e.g.*, May 11, 2020 Email from Michael Neeley, Senior Litigation Counsel at KCC, attached as Exhibit E.
>
> Further, the Services Contract between Westar and TEAM, which defined the relationship, rights, and obligations between them, contains indemnity provisions that depend upon the relative culpability of the parties. The documents and depositions at issue are thus directly relevant to these issues.

(Doc. 93, at 3-4.) Defendant brings the present motion to reopen the case to challenge Westar's confidential designations arguing that "[t]he constraints imposed by Westar's inappropriate and over-designations of materials as 'Confidential' have been and will continue to impose an undue burden on the parties, and the courts and agencies in which actions arising from the accident are and will be pending." (*Id.*, at 4.)

Westar argues that the Court has no jurisdiction over it because any jurisdiction "derived solely from the May 2019 [third party] subpoena [to Westar] which, along with the rest of this action, has long been closed and of no effect." (Doc. 95, at 2.) Westar continues that because it "is not a party to this action, or to the Protective Order, re-opening the case for this very limited purpose would not confer jurisdiction over [Westar] on this Court." (*Id.*)

As an initial matter, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." ***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990).  Further, a federal court may assert ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees." ***Kokkonen v. Guardian Life Ins. Co. of America***, 511 U.S. 375, 380, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994) (citations omitted).

Westar availed itself of the benefits of the Protective Order in this case when it produced and designated as confidential thousands of pages of discovery.  The Court finds Westar's current position to be unpersuasive.

Westar next argues that the clear language of the Protective Order in this case prohibits the Court from granting Defendant's motion to reopen.  As stated above, the Protective Order states that "[t]he court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case," but gives a party permission to "file a motion to seek leave to reopen the case to enforce the provisions of this Order." (Doc. 47, at 9.)  Westar contends that Defendant

> is not seeking to 'enforce' the provisions of the Protective Order.  Instead, [Defendant] is seeking to litigate a discovery dispute concerning [Westar's] designations of Confidential Information and, if unsuccessful, to retroactively amend the Protective Order itself.  Litigation of a discovery dispute, however, is not a

5

>   motion to 'enforce' the Protective Order.  Therefore, it is
>   not a proper basis to re-open this action.

(Doc. 95, at 4.)

The Court finds Westar is defining the term "enforce" too narrowly.  The Court also notes that Westar has cited no legal authority to support its interpretation of the term.

Black's Law Dictionary defines "enforce" as "[t]o put into execution; to cause to take effect; to make effective … ."  Black's Law Dictionary (6th ed. 1990).  "Enforcement" is defined as "[t]he act of putting something such as a law into effect; … the carrying out of a mandate or command."  *Id*.  The Court finds that these definitions encompass the action Defendant has requested the Court take – to review certain confidential designations to ensure that the Protective Order in this case is being put into effect properly.

Westar continues that Defendant's motion is untimely and it waived any right to challenge the confidential designations.  (Doc. 95, at 7.)  Westar asserts that the documents at issue were produced from July to October 2019 and that the depositions of its employees occurred in October and November 2019 as well as February 2020.[1]  (*Id*.)  Westar argues that the time in which to bring a motion challenging the confidential designations expired within 30 days of the

---

[1] The Court notes that Plaintiff's motion for voluntary dismissal was granted on October 24, 2019, and the case was administratively closed on October 29, 2019.  (Docs. 91, 92.)

designations pursuant to D. Kan. Rule. 37.1, which sets the deadline for motions to compel discovery. The Rule states:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.

D. Kan. Rule 37.1(b).

Westar has not, however, provided legal authority to support the position that the motion to compel deadline mandated by this rule creates a deadline for motions to challenge confidential designations under a protective order. While it is true that Rule 37.1 is generically titled "Motions Relating to Discovery," the deadline set forth in subsection (b) specifically relates to motions to compel. Defendant is clearly not moving to compel discovery as contemplated by Rule 37.1(b). The documents have already been produced and the depositions have already occurred. As such, the deadline set forth by this rule has no bearing on the issue before the Court.

Finally, Westar argues that granting the motion to reopen would subject it to undue burden and expense. (Doc. 95, at 10.) Westar argues that as a "non-party," it "should not be forced to litigate its designation of Confidential Information at a time and in a manner completely removed from the already monumental

undertaking to respond to expansive discovery requests and produce a dozen witnesses for deposition in an action to which [it] was not a party." (*Id*., at 11.)

While the Court agrees that this process would be burdensome and involve significant expense, Westar has not established that the burden and expense would be undue. The Court acknowledges that Westar is a non-party. That stated, it is not a disinterested non-party as it is only excluded from this litigation because of worker's compensation laws. Further, the undertaking of reviewing these documents would not be so extensive had Westar engaged in a deliberative process relating to its designations before labeling as confidential every page of the 10,000 produced and every word of each deposition transcript. According to Defendant, "Westar acted in absolute derogation of the order, so egregiously that as a matter of law it cannot have relied upon the Order." (Doc. 96, at 6-7.) While the Court is not concluding that any particular document or deposition testimony was improperly labeled as confidential, common sense would seem to dictate that not every single page of the thousands produced were, in fact, "confidential."

IT IS THEREFORE ORDERED that Defendant's Motion to Reopen for Limited Purpose (Doc. 93) is **GRANTED**. The actual determination of whether particular documents at issue are, in fact, "confidential" will be made after the matter has been fully briefed by the parties. The parties are instructed to **confer**

**regarding the documents involved prior to engaging in motion practice** on this issue. Any motion, if deemed necessary, shall be **filed within 30 days of the date of this Order** absent a request for additional time supported by good cause.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of April, 2021.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge